IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOHN M. HERRMANN and <br> PAMELA SHELTON HERRMANN, <br>                             Plaintiffs, <br> v. <br><br> WELLS FARGO BANK, N.A., <br>                             Defendant. | CIVIL ACTION NO. 7:19-cv-827 |

**DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, hereby submits its Memorandum in Support of its Motion for Judgment on the Pleadings ("Motion") pursuant to Fed. R. Civ. P. 12(c) against the Amended Complaint of Plaintiffs John M. Herrmann and Pamela Shelton Herrmann ("Plaintiffs"). For the reasons set forth below, Wells Fargo's Motion should be granted, and Plaintiffs' Amended Complaint dismissed with prejudice.

**INTRODUCTION**

In their Amended Complaint, Plaintiffs allege two causes of action against Wells Fargo: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (2) conversion. Plaintiffs allege Wells Fargo violated RESPA by failing to appropriately respond to their purported Qualified Written Requests ("QWRs") seeking information about the servicing and payoff of their home equity line of credit ("HELOC"). Relatedly, Plaintiffs' conversion count is premised on their claim that Wells Fargo overstated the amount necessary to pay off their HELOC, and failed to return the purported overpayment in response to Plaintiffs' demand. However, Plaintiffs' Amended Complaint fails to state a plausible claim for relief as a matter of law and should be dismissed with prejudice.

As set forth more fully below, Plaintiffs' claims fail and should be dismissed because:

- **Plaintiffs' RESPA claim fails as a matter of law because:**
    - **RESPA does not apply to HELOCs;**
    - **Plaintiffs' purported QWRs are defective under RESPA;**
    - **Nonetheless, Wells Fargo fully satisfied its obligations under RESPA by providing at least thirteen (13) detailed responses; and**
    - **Finally, Plaintiffs fail to plausibly allege any damages resulting from the purported RESPA violation.**
- **Plaintiffs' Conversion claim fails as a matter of law because:**
    - **Plaintiffs' conversion claim is barred by the economic loss rule; and**
    - **Plaintiffs fail to allege facts sufficient for conversion.**

Accordingly, Wells Fargo respectfully requests this Court grant its Motion and dismiss Plaintiffs' Amended Complaint with prejudice.

## FACTUAL BACKGROUND[1]

In December 2006, Plaintiffs obtained a HELOC from Wachovia Bank. *See* Am. Compl. ¶ 6, Ex. A. The HELOC was secured by a Deed of Trust on Plaintiffs' personal residence. *Id.* ¶ 7, Ex. B. In 2011, following a merger between Wells Fargo and Wachovia, Wells Fargo became the servicer for Plaintiffs' HELOC. *Id.* ¶ 8. In December 2017, Plaintiffs requested a payoff quote from Wells Fargo in order to pursue refinancing their HELOC. *Id.* ¶¶ 13-14. In response, Plaintiffs received a payoff quote in the amount of $85,159.97. *Id.* ¶¶ 15-16, Ex. C. Without support, Plaintiffs claim the payoff amount was actually "less than $84,000.00." *Id.* ¶ 17. Notably,

---

[1] Wells Fargo does not concede that the facts alleged by Plaintiffs are accurate; however, they are accepted as true for the purpose of this motion, except as directly refuted by exhibits integral to the pleadings. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (holding that it is appropriate to consider documents integral to the complaint on a motion to dismiss); *Hill v. SCA Credit Servs.*, 622 F. App'x 231, 231–32 (4th Cir. 2015) (holding that "[w]here a conflict exists between 'the bare allegations of the complaint' and any attached exhibit, 'the exhibit prevails.'") (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

Plaintiffs do not explain on what this claimed amount is based or state an actual amount that they claim should have been due. *See id.* On December 12, 2017, Plaintiffs tendered the payoff amount to Wells Fargo. *Id.* ¶ 19.

For unknown reasons, Plaintiffs allege that beginning in January 2018, they began to question the payoff amount paid to Wells Fargo. *Id.* ¶ 20. Plaintiffs allege that since January 2018, they "repeatedly sent" QWRs to Wells Fargo regarding the servicing of their account. *Id.* ¶ 21. Of note, Plaintiffs do not allege how or when they sent their purported QWRs to Wells Fargo. *See id. passim.*

In response to their purported QWRs, Plaintiffs allege Wells Fargo did not properly investigate the account. *Id.* ¶ 22. However, Plaintiffs confirm Wells Fargo sent at least thirteen (13) letters in response to their purported QWRs. *Id.* ¶¶ 23-105. As explained below, despite Plaintiffs' allegation that Wells Fargo "never provided a single proper RESPA response" to their purported QWRs, *id.* ¶ 106, Wells Fargo more than thoroughly responded <u>at least thirteen times</u>, fully satisfying any duty under RESPA.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but not so late as to delay trial. The standard for evaluating a motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002) (noting that the distinction between a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim "is one without a difference").

As with a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 555 (2007) (internal citations omitted). A plaintiff must set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation and alterations omitted); *see Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) ("the presence [in a complaint] ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the necessary legal finding). A court "need not accept the legal conclusions drawn from the facts and . . . need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted). A court must accept factual conclusions a plaintiff draws "only to the extent they are plausible based on the factual allegations." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012).

In considering a Rule 12(c) motion, a court may consider exhibits attached to or referred to in the complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). A court may also properly consider "documents that are explicitly incorporated into the complaint by reference." *Goines*, 822 F.3d at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Further, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* Finally, "[w]here a conflict exists between 'the bare allegations of the complaint' and any attached exhibit, 'the exhibit prevails.'" *Hill v. SCA Credit Servs.*, 622 F. App'x 231, 231–32 (4th Cir. 2015) (quoting *Commercial Builders*, 936 F.2d at 1465).

## ARGUMENT

Applying the above standards, it is clear Plaintiffs' Amended Complaint fails to state a claim for which relief can be granted and should be dismissed with prejudice as a matter of law.

### A. PLAINTIFFS' RESPA CLAIM FAILS AS A MATTER OF LAW.

As set forth below, Plaintiffs' RESPA claim fails as a matter of law for multiple reasons. First, and most importantly, Plaintiffs' RESPA claim fails for the simple fact that RESPA does not apply to HELOCs at all. Second, even if it were applicable, Plaintiffs' communications to Wells Fargo do not meet the standards for QWRs under RESPA because the communications were not sent to the address specifically set by Wells Fargo. Therefore, no response was required at all. Nonetheless, in an effort to provide quality customer service, Wells Fargo responded to Plaintiffs at least thirteen times. Third, Plaintiffs' RESPA claim fails because, despite no response being required, Wells Fargo responded with detailed explanations to Plaintiffs at least thirteen times, exceeding the RESPA requirements. Fourth, Plaintiffs fail to allege any damages resulting from the purported RESPA violation. While Plaintiffs claim they "have been forced to hire an accountant" to evaluate the payoff amount and related documents from Wells Fargo, these damages, if any, resulted from the purportedly miscalculated payoff amount, not from any alleged inadequate response to Plaintiffs' self-styled "QWRs." Accordingly, due to the absence of any damages resulting from Wells Fargo's responses, Plaintiffs cannot maintain their RESPA claim against Wells Fargo as a matter of law.

1. RESPA does not apply to HELOCs.

As a threshold issue, RESPA does not apply to open-ended lines of credit, such as Plaintiffs' HELOC. In their Complaint, Plaintiffs allege Wells Fargo violated Sections 2605(e)(2) and 2605(k)(1)(E) of RESPA by failing to adequately respond to their purported QWRs. However, these provisions apply to only to a "federally related mortgage loan." *See* 12 U.S.C. § 2605(e)(2) ("If any servicer of a federally related mortgage loan receives a qualified written request . . ."); 12 U.S.C. § 2605(k)(1)(E) ("A servicer of a federally related mortgage shall not . . ."). However, RESPA explicitly exempts any open-end lines of credit from this definition. *See* 12 C.F.R. §

1024.31 ("Mortgage loan means any federally related mortgage loan, as that term is defined in § 1024.2 subject to the exemptions in § 1024.5(b), **but does not include open-end lines of credit (home equity plans)**.") (emphasis added).

Plaintiffs' Wells Fargo loan was a HELOC, Am. Compl., ¶ 6; therefore, the provisions of RESPA cited by Plaintiffs are simply not applicable to Wells Fargo in this situation. Thus, Plaintiffs' RESPA claim must be dismissed with prejudice.

2. Plaintiffs' purported QWRs do not meet the standard set forth by RESPA.

Even setting aside the fatal fact that HELOCs are exempt from the applicable requirements of RESPA, Plaintiffs communications still do not qualify as QWRs under RESPA because Plaintiffs did not use the address set by Wells Fargo for information requests. Thus, Wells Fargo had no duty to respond to Plaintiffs' communications. Nonetheless, Wells Fargo provided numerous, detailed responses in an effort to provide exceptional customer service.

To qualify as a QWR under RESPA, a communication must: (1) be a writing, other than on a payment coupon; (2) that enables the servicer to identify the borrower's name and account; and (3) includes a statement of the reasons for the borrower's belief as to an error regarding the account or provides sufficient detail for the servicer to determine the information requested. 12 U.S.C. § 2605(e)(1)(B). Importantly, "[a] servicer may, by written notice provided to a borrower, establish an address that a borrower must use to request information in accordance with the procedures in this section." 12 C.F.R. § 1024.36(b). Based this provision, "courts have held that where such an address has been designated for the receipt of QWRs, the failure to send a request for information to that address is fatal to a claim under RESPA." *Nash v. PNC Bank, N.A.*, Civil Action No. TDC-16-2910, 2017 U.S. Dist. LEXIS 60697, at *20-22 (D. Md. Apr. 20, 2017); *see also, e.g., Heyman v. Citimortgage, Inc.*, No. 14-1680-KM-MAH, 2019 U.S. Dist. LEXIS 128238,

at *85 (D.N.J. June 27, 2019) ("Every other Circuit to address this issue, however, has held that a servicer is not required to respond to a "misaddressed QWR — and that responding to such a letter does not trigger RESPA duties.") (noting the Third Circuit had not yet addressed the issue and citing cases from the Second, Fifth, Tenth and Eleventh Circuits).

Here, Wells Fargo provided Plaintiffs with written notice of the sole means for requesting information about their account. *See* **Exhibit 1**. Specifically, Plaintiffs' April 24, 2017 account statement reads, in relevant part:

> **In Case of Errors or Questions about Your Credit Line Transactions**
> If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your line, please contact us at P.O. Box 10335, Des Moines, IA 50306. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
> In your letter, give us the following information:
> - Your name and account number
> - The dollar amount of the suspected error
> - Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

*Id.,* p. 4. Accordingly, the account statement designates P.O. Box 10335, Des Moines, IA 50306 as the exclusive address for inquires related to Plaintiffs' HELOC. *Id.*

In their Amended Complaint, Plaintiffs allege that since January 2018 they "repeatedly sent" QWRs to Wells Fargo. Am. Compl. ¶ 21. Notably *absent* from their lengthy allegations is any factual allegation about where, how, or even specifically when their purported requests were sent. However, all of Plaintiffs' communications were sent in one of two ways – *neither* of which utilizes the exclusive address for inquires related to Plaintiffs' HELOC. First, Plaintiffs sent emails dated March 5 and 20, 2018, to a Wells Fargo email address meant for Board of Directors' communications. **Exhibit 2**. Second, on or about May 30, 2018, March 27, 2019, and August 28, 2019, Plaintiffs submitted complaints directly to the Consumer Financial Protection Bureau.

7

**Exhibit 3.** As neither method of communication used the address set by Wells Fargo as the sole method for requesting information about accounts, even if RESPA was applicable to Plaintiffs' HELOC (which it is not), Plaintiffs' communications would still not be QWRs under the Act. Accordingly, Wells Fargo had no duty under RESPA to respond to Plaintiffs' communications, but, nonetheless, did so at least thirteen times. *See Wease v. Ocwen Loan Servicing, LLC.*, 915 F.3d 987, 995 (5th Cir. 2019) (holding that if a servicer chooses to respond to a misaddressed QWR, that response "does not trigger RESPA duties."). Thus, Plaintiffs' RESPA claim fails as a matter of law and should be dismissed with prejudice.

    3.    <u>Wells Fargo fully satisfied its obligations under RESPA by providing at least thirteen detailed responses</u>.

Even if the provisions of RESPA cited by Plaintiffs were applicable to their HELOC (they are not), and even if Plaintiffs had utilized the exclusive address set forth by Wells Fargo (they did not), Wells Fargo still satisfied any duty under RESPA by providing at least thirteen distinct, detailed responses to Plaintiffs' communications. Accordingly, there is simply no theory under which Plaintiffs can plausibly advance a RESPA claim against Wells Fargo.

"Section 2605(e)(2)(B) [of RESPA] requires only that the loan servicer provide 'a statement of the reasons for which the servicer *believes*' the accounting is correct." *Heyman*, 2019 U.S. Dist. LEXIS 128238, at *86-87. "Under RESPA, it is irrelevant whether the servicer's understanding . . . is correct, so long as it is reasonable." *Vassalotti v. Wells Fargo Bank, N.A.*, 732 F. Supp. 2d 503, 509 (E.D. Pa. 2010) (citing *Gruninger v. America's Servicing Co.*, No. 08-572, 2010 U.S. Dist. LEXIS 15139, at *15 (E.D. Pa. Feb. 22, 2010) (finding no RESPA violation where defendant "responded to all of the plaintiff's letters and, among other things, provided detailed explanations" for its reasoning)).

As the Amended Complaint shows, Wells Fargo responded <u>at least thirteen times</u> to

8

Plaintiffs. Am. Compl. ¶¶ 23-101; *see also* **Exhibit 4**.[2] These responses more than adequately explained why *Wells Fargo believed* no errors occurred on Plaintiffs' account and provided volumes of account documents to support its analysis. *See* Ex. 4. Further, Wells Fargo repeatedly confirmed the payments were applied per the account's terms and that the payoff was correct. *See id.* Moreover, Wells Fargo's responses were not boilerplate or template responses, Wells Fargo identified the concerns raised, and then one-by-one addressed Plaintiffs' concerns in a detailed and organized manner. *See id.* This is all that is required under RESPA. *Heyman*, 2019 U.S. Dist. LEXIS 128238, at *86-87.

In their Amended Complaint, Plaintiffs claim Wells Fargo's responses were "riddled with errors." Am. Compl. ¶ 25. However, even assuming this was true (which it is not), this is still not actionable under RESPA as "it is irrelevant whether the servicer's understanding ... is correct, so long as it is reasonable." *Vassalotti*, 732 F. Supp. 2d at 509 (citing *Gruninger*, U.S. Dist. LEXIS 15139, at *15).

As Wells Fargo more than adequately explained why <u>it believes</u> the account was handled properly it fully discharged any duty under RESPA. Accordingly, even setting aside the other numerous deficiencies in Plaintiffs' Complaint, as explained herein, Plaintiffs' RESPA claim still fails as a matter of law. Thus, it should be dismissed with prejudice.

---

[2] Exhibit 3 contains the last responsive letter Wells Fargo sent to Plaintiffs on November 25, 2019, as well as enclosed letters dated October 1 and 18, 2019. In order to avoid inundating the Court with hundreds of unnecessary pages of documents, Exhibits 3 does not include the letter's full enclosures. These enclosures include account statements, origination documents, and account histories. If the Court would like to review the enclosures, Wells Fargo will readily provide them for review. Wells Fargo will also readily provide the other letters sent to Plaintiffs. However, the November 25, 2019 letter and its referenced letters demonstrate the level of detailed response provided by Wells Fargo to Plaintiffs' inquiries.

    4.    <u>Plaintiffs fail to plausibly allege any damages resulting from the purported RESPA violation</u>.

Relying on 12 U.S.C. § 2605(f), Plaintiffs allege they are entitled to recover statutory damages, actual damages, and attorneys' fees. Am. Compl. 115. However, Plaintiffs have failed to plausibly allege any damages that <u>resulted from</u> Wells Fargo's purportedly inadequate responses.

Under Section 2605(f), if a servicer "fails to comply with any provision of this section", a borrower is entitled to recover "any actual damages to the borrower <u>as a result of the failure</u>." 12 U.S.C. § 2605(f)(1) (emphasis added). To establish a claim for a servicer's failure to respond to a QWR, a plaintiff must show damages <u>resulting from the failure to adequately respond</u>. *See Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-21 (8th Cir. 2018). This means "there must be a 'causal link' between the alleged violation and the damages." *Id.* at 719 (quoting *Renfroe v. Nationstar Mortg., LLC.*, 822 F.3d 1241, 1244 (11th Cir. 2016)). Moreover, Plaintiffs must prove their entitlement to actual damages before they could possibly be entitled to statutory or "additional" damages. *See Wirtz* at 719-720.

Here, Plaintiffs have failed to allege damages that <u>resulted from</u> any purportedly inadequate response. Plaintiffs' damages all relate to allegedly incorrect application of payments, which purportedly lead to an incorrect payoff amount. *See* Am. Compl., *passim*. These alleged harms, if any, occurred before any dispute and did not <u>result from</u> any response, adequate or not. Because Plaintiffs have not alleged a plausible entitlement to actual damages, their claims for statutory or "additional" damages fail as a matter of law. *See Wirtz* at 719-20. Moreover, Plaintiffs have not alleged any facts to support their conclusory claim that Wells Fargo acted in accordance with an alleged pattern or practice. If anything, the Complaint demonstrates a pattern and practice of timely and detailed responses from Wells Fargo. Accordingly, not only have Plaintiffs failed to

demonstrate any entitlement to damages based on a purported pattern or practice of noncompliance with RESPA, but Plaintiffs have also failed to allege any damages <u>resulting from</u> Wells Fargo's responses, adequate or not. Therefore, Plaintiffs' RESPA claim should be dismissed with prejudice as a matter of law.

## B. PLAINTIFFS' CONVERSION CLAIM FAILS AS A MATTER OF LAW.

As set forth below, Plaintiffs' conversion claim fails as a matter of law for two reasons. First, Plaintiffs' claim is actually a contract claim for economic damages and is, therefore, barred by the economic loss rule. Second, Plaintiffs do not allege facts sufficient to support a claim for conversion.

### 1. <u>Plaintiffs' conversion claim is barred by the economic loss rule</u>.

In Virginia, the economic loss rule states that "parties that sue for purely economic losses under contract may only recover under the requisite contract because 'losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts.'" *Mobilization Funding, L.L.C. v. W.M. Jordan Co.*, No. 4:18-CV-72, 2018 U.S. Dist. LEXIS 202748, at *12 (E.D. Va. Nov. 28, 2018) (*citing Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004). In other words, "a tort cannot be claimed in conjunction with a breach of contract claim unless the plaintiff shows an independent common law duty separate from the contractual duty." *Pre-Fab Steel Erectors, Inc. v. Stephens*, No. 6:08-cv-00039, 2009 U.S. Dist. LEXIS 26548, at *23 (W.D. Va. April 1, 2009)

Here, Plaintiffs have alleged a purely economic loss based on their claim that Wells Fargo did not apply their payments correctly, thus resulting in an incorrect payoff amount. *See* Am. Compl. ¶¶ 17, 109-10. Plaintiffs have not alleged an independent common law duty that Wells Fargo purportedly breached. Instead, Plaintiffs' conversion claim is a purely contract-based claim for economic damages. Plaintiffs have failed to allege facts sufficient to establish that Wells Fargo

was under any other duty other than those duties delineated in the contract governing the party's relationship. Thus, Plaintiffs' claim for conversion is barred by the economic loss rule and should be dismissed with prejudice as a matter of law.

        2.      <u>Plaintiffs fail to allege facts sufficient to support a claim for conversion</u>.

Even setting aside the fact that Plaintiffs' conversion claim is barred by the economic loss rule, Plaintiffs also fail to allege sufficient facts to support a claim for conversion. "[C]onversion is any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession." *Bader v. Cent. Fid. Bank*, 245 Va. 286, 289, 427 S.E.2d 184, 186 (1993).

In their Amended Complaint, Plaintiffs rely on a conclusory assertion that the payoff quote Wells Fargo provided and Plaintiffs paid was incorrect. Am. Compl. ¶¶ 15-17, 109-10. However, Plaintiffs do not allege a single fact in support or allege a single specific example of how the payoff amount was incorrect. Instead, without support, Plaintiffs conclude, their "accountant determined that the actual payoff amount was fair less than Wells Fargo demanded." Am. Compl. ¶ 110. Based on their accountant's unsupported and undocumented "determination," Plaintiffs alleged Wells Fargo demanded money not owed to it and by failing to return that money, committed the tort of conversion.

As discussed above, Plaintiffs' factual allegations are nothing more than hollow accusations that the payoff demanded by Wells Fargo was incorrect. Without any plausible allegations showing a wrongful exercise or assumption of authority over their funds, Plaintiffs' claim for conversion must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Wells Fargo Bank, N.A. respectfully requests that the Court grant its Motion for Judgment on the Pleadings, dismiss Plaintiffs' Amended Complaint with prejudice, and grant Wells Fargo such other and further relief as may be appropriate.

Dated: April 30, 2020                                          **TROUTMAN SANDERS LLP**

By:  s/ *Jason E. Manning*
Jason E. Manning (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutman.com

*Counsel for Wells Fargo Bank, N.A.*

42142456