IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN M. HERRMANN, et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 7:19–CV–827 |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before me on Plaintiffs' John and Pamela Herrmann's motion for sanctions (Dkt. 25), Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to seal its response to Plaintiffs' motion for leave to file a second amended complaint (Dkt. 27), Wells Fargo's motion to seal its memorandum in opposition to Plaintiffs' motion for sanctions (Dkt. 32), and Plaintiffs' motion to seal their reply memorandum supporting the motion for sanctions (Dkt. 40).

Plaintiffs initiated this action alleging claims under the Real Estate Settlement Procedures Act and for conversion contending that they overpaid Wells Fargo on their home equity line of credit. Compl. ¶ 1. Specifically, Plaintiffs claim that Wells Fargo misapplied loan payments and required an incorrect payoff amount when Plaintiffs refinanced their existing home equity line of credit. Id. at ¶¶ 6–115. Plaintiffs sent written requests seeking information on Wells Fargo's accounting. Id. Plaintiffs claim that Wells Fargo's responses were inconsistent and inaccurate. Id. Wells Fargo responded to Plaintiffs' complaint by filing a motion for judgment on the pleadings urging that Plaintiffs' claims failed as a matter of law. Dkt. 9.

In June 2020, Judge Dillon referred this case to me for mediation, and on October 7, 2020, I held a pre-mediation conference with counsel followed by a mediation on October 22, 2020. Dkts. 19, 21. Unfortunately, the parties failed to reach an agreement at mediation, Dkt. 21, and since that time, the parties have been immersed in filing and briefing the issues presently before me.

Plaintiffs sought leave to file a second amended complaint which asserts additional facts, drops the conversion claim, and adds a claim for breach of contract. Dkt. 22. In its brief in opposition, Wells Fargo made several statements about the mediation process, generally relating to Plaintiffs' accounting and suggesting that Plaintiffs were unable to support their position at the mediation.[1] Plaintiffs now complain that Wells Fargo violated the confidentiality provisions of Local Rule 83 and the settlement conference order[2] and ask for the court to strike Wells Fargo's brief, find Wells Fargo and its counsel in civil contempt, find Wells Fargo and its counsel willfully violated confidentiality, and impose monetary sanctions. Dkt. 25. Plaintiffs also complain that they cannot meaningfully respond to Wells Fargo's opposition because of the confidentiality requirements of the court-ordered mediation. In response, Wells Fargo moved for its brief to be sealed. Dkt. 27. Wells Fargo then filed its memorandum in opposition to Plaintiffs' motion for sanctions, Dkt. 35, which it also moved to seal, Dkt. 32. Plaintiffs then filed a motion to seal their reply memorandum supporting their motion for sanctions. Dkt. 40.

---

[1] Wells Fargo's other statements express its frustration at the mediation and its efforts in preparing for the mediation. See, e.g., Dkt. 23, p. 2–3.

[2] Local Rule 83 requires that "[c]ommunications and/or information provided during any alternate dispute resolution process shall be kept confidential by all parties and by the neutral . . . Any information or document which is otherwise produced through a legitimate discovery process is exempted from this confidentiality requirement." W.D. Va. Local R. 83(e). Similarly, the court's settlement conference order states that "[t]he settlement conference is confidential and no communication, conversation, or negotiation may be used by the parties for any purposes other than settlement." Dkt. 17.

Plaintiffs oppose both Wells Fargo's motions for sealing and note that they moved to seal "in an abundance of caution," but do not believe their reply memorandum warrants sealing. Dkts. 36, 37, 40.

I. Motion for Sanctions

The guarantee of confidentiality is essential to the proper functioning of a settlement conference program. See Clark v. Stapleton Corp., 957 F.2d 745 (10th Cir. 1992) (citing Lake Utopia Paper, Ltd. v. Connelly Containers, Inc., 608 F.2d 928, 930 (2d Cir. 1979)) (describing confidentiality in the context of appellate settlement conference programs). When disclosure of confidential information is particularly extensive or severe, courts often find the breach to be a violation warranting sanction. See, e.g., Bernard v. Galen Grp., Inc., 901 F. Supp. 778, 782–84 (S.D.N.Y. 1995) (imposing sanctions where party disclosed the amount of two settlement offers); Davis v. Kansas City Fire & Marine Ins. Co., 195 F.R.D. 33, 38 (N.D. Okla. 2000) (imposing sanctions where party filed a confidential settlement document); Hand v. Walnut Valley Sailing Club, 475 Fed. App'x 277 (10th Cir. 2012) (dismissing case when plaintiff sent an e-mail to over forty people, including potential witnesses, detailing what the mediator said and the amount of defendant's settlement offer).

Conversely, courts often find no violation when statements are "sufficiently generic." See Procaps S.A. v. Patheon Inc., No. 12–22356, 2014 WL 5410300 (S.D. Fla. Oct. 22, 2014); see also Delta Air Lines, Inc. v. Wunder, No. 1:13–cv–3388, 2015 WL 11216847 (N.D. Ga. July 9, 2015). And, even where a court finds a technical or otherwise minor violation, it often will impose no sanction when the suggested sanction is disproportionate to the violation. See Procaps S.A., 2014 WL 5410300, at *2; see In re Anonymous, 283 F.3d 627, 635 (4th Cir.

2002) (considering five factors to determine whether violation of Fourth Circuit mediation confidentiality rule warranted sanctions).

I do not find that Wells Fargo's statements violate the confidentiality provisions set forth in Local Rule 83 or the settlement conference order. Wells Fargo did not disclose any offers or demands made at the mediation, describe any legal positions that either party took at the mediation, or attach any document created for or during the mediation. See Dkt. 23.

Moreover, Wells Fargo's statements were broad and sufficiently general. Wells Fargo noted general frustration about the mediation process and outcome. See id. at p. 1–3. Most specifically, Wells Fargo commented on Plaintiffs' failure to obtain support for their factual allegations, noting that Plaintiffs' accounting was incorrect. See id. at 3. Importantly, Wells Fargo did not divulge any information that was not already available on the public docket, and at the hearing on the motion for sanctions its counsel argued that it did not reveal any facts that were not already in Plaintiffs' Complaint or First Amended Complaint. See Compl. ¶ 114; Am. Compl. ¶ 110; see also Dkt. 22–1. Wells Fargo should not have couched its opposition to the Second Amended Complaint in the context of the mediation process, but the essence of its statements did not disclose meaningful information about the mediation that is not otherwise publicly available.

From the outset of this litigation, Plaintiffs stated in their Complaint and First Amended Complaint that they were "forced to hire an accountant to decipher the reams of inconsistent information Wells Fargo provided about their loan" and that "[t]he accountant determined that the actual payoff was far less than Wells Fargo demanded." See Compl. ¶ 114; Am. Compl. ¶ 110. Plaintiffs later acknowledged the inaccuracies in their expert accounting in their motion for leave to file a second amended complaint. See Dkt. 22–1, ¶ 222 ("[Plaintiffs] were forced to use

an accountant and lawyers to attempt to reconstruct the account. Because Wells Fargo has not sent all the account statements even though it claims it did, they are still unable to run the complicated analysis about [how] Wells Fargo treated the interest."); id. at ¶¶ 190–91 ("Although Wells Fargo now states that interest must be calculated using a more complicated method that requires knowing information shown on each account statement, Wells Fargo refuses to provide that information. Because Wells Fargo has refused to provide those statements, the Plaintiffs have not yet been able to pay an accountant to run Wells Fargo's much more complicated interest analysis."). Though Wells Fargo's statements were perhaps unnecessary, they certainly do not warrant the sanctions Plaintiffs requested.

Even assuming that I found Wells Fargo had violated the confidentiality restrictions of the mediation, sanctions would not be warranted. See In re Anonymous, 283 F3d at 635 (4th Cir. 2002) (considering five factors to determine whether violation of Fourth Circuit mediation confidentiality rule warranted sanctions). While Wells Fargo was aware of confidentiality rules, there is no evidence of bad faith. Additionally, there will be only a minimal impact on this case and on the mediation program as a whole given that Wells Fargo's statements were general and did not identify any offer, demand, or specific legal position.

## II.     Motion to Seal

Local Rule 9 requires a party seeking to seal documents to provide the court with "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." W.D. Va. Gen. R. 9. Wells Fargo seeks to seal its opposition to Plaintiffs' motion for leave to file a second amended complaint, Dkt. 23, and its memorandum in opposition to Plaintiffs' motion for sanctions, Dkt. 32. Wells Fargo requests that these documents be sealed to address Plaintiffs' concerns that it disclosed confidential mediation

communications. Dkts. 28, 33. Plaintiffs oppose both motions, but similarly moved to seal their reply to the motion for sanctions. Dkts. 36, 37, 40. Plaintiffs argue that Wells Fargo has not made the showing necessary to seal either document, noting that they are "not aware of any legal basis for sealing" these documents. Id. Plaintiffs state that rather than being sealed, Wells Fargo's opposition to Plaintiffs' motion for leave to file a second amended complaint (Dkt. 23) should be stricken from the docket since the presiding judge will necessarily review it when ruling on Plaintiffs' motion to amend. As Plaintiffs' motion for sanctions fails on the merits, the relief they seek in connection with that motion is also denied.

The common law presumes a right to inspect and copy judicial records and documents. See In re U.S. for an Order Pursuant to 18 U.S.C. 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). This presumption of access may be overcome if competing interests outweigh the interest in access. See id.; Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). The common law right of access is buttressed by the "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, including documents "made part of a dispositive motion" in a civil case. Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (citing Rushford, 846 F.2d at 253). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citing Press–Enterprise Co. v. Super. Court, 464 U.S. 501, 510, 104 S. Ct. 819, 824, 78 L. Ed. 2d 629 (1984)). Here, the documents were submitted in connection with a motion to amend a complaint (Dkt. 23) and a motion for sanctions, (Dkt. 35), and thus the common law presumption in favor of access applies in favor of

6

access applies to these documents. See Silicon Knights, Inc. v. Epic Games, Inc., 5:07–cv–275, 2010 WL 11566361, at *1 (E.D.N.C. June 15, 2010).

Neither party makes the necessary showing to seal their pleadings. Because I do not find that Wells Fargo's statements violated the confidentiality provisions set forth in Local Rule 83 or the settlement conference order, no reason exists to grant the motions to seal. See Louisiana Pacific Corp. v. Money Market 1 Inst. Inv. Dealer, 9–cv–3529, 2013 WL 636028, at *2 (N.D. Cal. Feb. 20, 2013) (denying motion to seal document despite plaintiff's argument that proposed redactions were the product of mediation); Hanover Ins. Co. v. Anova Food, LLC, Civ. No. 14–00281, 2016 WL 9488598 (D. Haw. Feb. 25, 2016) (denying motion to seal exhibit that included portions of a mediation brief from the underlying lawsuit).

Accordingly, I **DENY** Plaintiffs' motion for sanctions, Dkt. 25, Plaintiffs' motion to seal its reply in support of sanctions, Dkt. 40, Wells Fargo's motion to seal its opposition to Plaintiffs' motion for leave to file a second amended complaint, Dkt. 27, and Wells Fargo's memorandum in opposition to Plaintiffs' motion for sanctions, Dkt. 32. The Clerk is **DIRECTED** to unseal Wells Fargo's Memorandum in Opposition to Plaintiffs' Motion for Sanctions (Dkt. 35) and Plaintiffs' Reply Memorandum in Support of their Motion for Sanctions (Dkt. 41).

I remind the parties of the directive in Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination" of a case and focus on the substantive issues which underly this action and work collaboratively to ripen those issues for decision. I am sensitive to Plaintiffs' concern about responding to Wells Fargo's opposition to filing the Second Amended Complaint without invading the confidentiality of the mediation. Thus, I **GRANT** Wells Fargo leave to withdraw Docket No. 23 and file an amended response in opposition to Plaintiff's motion for

7

leave to file an amended complaint without any reference to the mediation proceedings before me. Such amended response shall be filed no later than March 12, 2021.

                                             Entered:  March 9, 2021

*Robert S. Ballou*

                                             Robert S. Ballou
                                             United States Magistrate Judge